UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BA T. TRAN,<br>   Petitioner,<br>  v.<br>T. MARTINEZ,<br>   Respondent. | Case No. 23-cv-01677-TLT<br><br>**ORDER OF DISMISSAL** |

Petitioner, a state prisoner, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2011 conviction of first-degree murder for which he was sentenced to 50 years to life. ECF 1 at 1-2. The court will dismiss the petition as untimely.

The judgment was affirmed on appeal in 2013, and petitioner's petition for review was denied by the California Supreme Court that same year. *Id.* at 3. Petitioner did not seek collateral review until a decade later when he filed a petition for writ of habeas corpus in the California Supreme Court arguing that his trial counsel provided constitutionally deficient assistance, his trial counsel failed to subpoena a critical witness, and his appellate counsel performed deficiently by failing to raise an issue on appeal. ECF 1 at 5. The California Supreme Court denied the petition in March 2023. *Id.* Petitioner filed the instant federal habeas petition in April 2023. ECF 1.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was

removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  *Id.* § 2244(d)(2).

On September 28, 2023, the Court directed petitioner to show cause why his petition should not be dismissed as untimely.  Petitioner argues that he was not made aware during any of his state court proceedings that appellate counsel's failure to raise an ineffective assistance of trial counsel claim would be a procedural bar from raising that claim.  ECF 6 at 1-2.  He states that "California does not permit a convicted person alleging ineffective assistance of trial counsel to raise that claim on direct review" and it must be brought "in state collateral proceedings."  *Id.* at 1.  Petitioner also cites *Martinez v. Ryan*, 566 U.S. 1 (2012) for the proposition that "ineffective assistance of postconviction counsel is 'cause' to forgive procedural default of an ineffective-assistance-of-trial-counsel claim."  ECF 7 at 1-2.  Petitioner alleges he suffered from ineffective assistance of appellate counsel.  *Id.* at 2.  He states that he does not seek to introduce new evidence or develop a factual claim.  *Id.* at 3.

Petitioner has conflated untimeliness with procedural default, and his arguments do not meet any of AEDPA's exceptions to the one-year time limit.  Petitioner's judgment became final in 2013 or 2014 when the 90-day period for seeking review in the United States Supreme Court expired.  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The one-year state of limitations began to run at that time.  Petitioner has not identified any impediment to filing that was removed, nor a new right made retroactive by the Supreme Court affecting his case, nor a factual predicate to his current claims that could not be discovered until later.  Nor did petitioner file any other petitions for state post-conviction or collateral review before the year was up that could have tolled the statute of limitations.  *Martinez* addresses procedural default, not timeliness. *Martinez,* 566 U.S. at 11.  Petitioner should have raised his ineffective assistance of appellate counsel claims in a state habeas petition within the first year after his conviction became final, and

2

then filed a federal habeas petition. Instead, petitioner waited ten years. The petition is therefore DISMISSED with prejudice as time barred. The Clerk shall enter judgment in favor of respondent and against petitioner and close the case.

**IT IS SO ORDERED.**

Dated: March 25, 2024

							_____
							TRINA L. THOMPSON
							United States District Judge